# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY PROVENZALE, | ) | CASE NO.  1:11cv1318 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| ROBERT FARLEY, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Anthony Provenzale filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio (FCI Elkton), names FCI Elkton Warden Robert Farley as Respondent. He seeks immediate consideration for placement in a Residential Re-Entry Center (RRC) or Home Confinement.

## Background

Petitioner was indicted in this Court in August 2006 and charged with knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252A. *See United States v. Provenzale*, No.1:06-cr-0384 (N.D. Ohio filed Aug. 16, 2006). After pleading guilty to the charge, he was sentenced to serve 151 months in prison on February 7, 2007. Petitioner is currently serving that sentence and is scheduled for release on February 26, 2018.

On or about December 8, 2008, Petitioner claims he filed a Request for Administrative Remedy with Respondent. The Request was denied on January 29, 2009.[1] From that point, he continued to exhaust his administrative remedies until the Bureau of Prisons' (BOP) Central Office failed to reply to the appeal he filed on June 16, 2009.

**Analysis**

Petitioner asserts the Respondent is violating his Fifth and Fourteenth Amendment rights by failing to consider him for home confinement. Under the criteria set forth in 18 U.S.C. § 3621, he maintains he is an ideal candidate for placement in this program. The BOP is allegedly abusing its discretion, however, by not considering him "or anyone, ever, generally for placement in a RRC or Home Confinement setting" even when they meet the statutory criteria. (Pet. at 5.) These criteria include the resources of the facility, nature of the offense, history and characteristics of the prisoner, special statements from the court and "any pertinent policy statement issued by the Sentencing Commission." (Pet. at 4-5.) Under the statute, the BOP is required to consider each element to meaningfully consider him for community placement.

Petitioner cites opinions from the United States District Court of North Carolina, as well as the Ninth Circuit, to note that imprisonment does not necessarily have to be limited to the confines of a prison. While he recognizes the BOP's discretion to choose where prisoners are confined, he notes the decision must be based on the circumstances of each individual. As a 70-year old in failing health, who is incarcerated at a low security facility, Petitioner believes he engaged in a victimless crime for which the rate of recidivism

---

[1]Because these administrative forms are not attached to the Petition, the Court assumes Petitioner was seeking a review of his eligibility for early release.

at his age is "0". He believes, moreover, that it would be more cost effective to release him to a home environment where he could live on $20.00 per day rather than "the $2,000.00 per day cost of confinement for an inmate." (Pet. at 7.) He describes his crime as "voyeuristic and vicarious [in] nature that involved no actual person other than himself." (Pet. at 7.) In total, he believes all of these factors entitle him to early release.

## Initial Screening

This matter is before the Court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). As Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). For the reasons set forth below, however, the Petition lacks merit and is denied.

## 28 U.S.C. § 2241

When a prisoner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 534 U.S. 1008, 122 S. Ct. 493 (2001). Here, Petitioner believes the BOP should transfer him to home confinement for the duration of his sentence. While he does not name the relevant statutory provision, his request would fall under 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act of 2007 ("the Act"), effective April 9, 2008. Because the Court has personal jurisdiction over Petitioner's custodian, the matter is properly before this Court.

The Act provides that the Director of the BOP shall "ensure that a prisoner

serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." *See* 18 U.S.C. § 3624(c)(1). Under the statute, those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-way house." The statute mandates that a prisoner's entitlement to 'half-way' house placement shall be made on an individual basis and shall be made in light of several factors, most of which are identified in 18 U.S.C. § 3621(b). *See Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008) (BOP may consider factors in addition to those identified in 3621(b)).  As noted above, the factors are as follows:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence--
>
>> (A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B)  recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Petitioner argues the BOP is abusing its discretion under § 3621 because it never considered him for RRC or home confinement. He alleges the BOP's abuse has

violated his Fifth Amendment right to due process. The Supreme Court has clarified the

extent to which a prisoner may exercise his right to due process, as follows:

> We have rejected the notion that every state action carrying adverse
> consequences for prison inmates automatically activates a due process right . .
> .. The same is true of prisoner classification and eligibility for rehabilitative
> programs in the federal system. Congress has given federal prison officials
> full discretion to control these conditions of confinement, 18 U.S.C. § 4081,
> and petitioner has no legitimate statutory or constitutional entitlement
> sufficient to invoke due process.

*Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). The BOP's discretion extends to its authority

to determine the placement of federal prisoners. *See* 18 U.S.C. § 3621(a) & (b) ("Bureau may

designate any available penal or correctional facility that meets minimum standards of health

and habitability"). To that end, inmates have no constitutional right to be confined to a

particular institution, *Meachum v. Fano*, 427 U.S. 215, 223 (1976), nor any "justifiable

expectation" that they will be confined in a particular prison. *Olim v. Waukinekona*, 461 U.S.

238 (1983). Thus, because Petitioner has no protected liberty interest in being placed in a

RRC prior to his release, and the decision whether to make such placement is clearly a matter

of prison management, this Court cannot intervene in that decision unless a clear

constitutional violation occurred.

Petitioner's claim is premature, at best. The Act does not guarantee a one-year

RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to

the final twelve months of his or her sentence. *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th

Cir. 2009). "Under these new regulations, an inmate presents a valid claim *only if* he is

denied individual consideration based on the 3621(b) factors." *Specter v. Dir., Fed. Bureau*

*of Prisons*, Civil Action No. 4:09-cv-0191-TLW-TER, 2010 WL 883733, at *5 (D.S.C. Mar.

5, 2010) (emphasis added). Petitioner does not, however, allege that he has ever been evaluated under the five factors.

Under the Act, an inmate's Unit Team first reviews his eligibility on an individual basis and considers the appropriate factors in recommending his placement. It is BOP policy for a prisoner's Unit Team to meet with him periodically during Program Reviews, which occur at least once every 180 days. When an inmate is within 12 months of his projected release date, staff will conduct a Review at least once every 90 days. *See* BOP Program Statement 5322.12, "Inmate Classification and Program Review," at p. 5. It is during these reviews, that a prisoner's eligibility for placement is discussed, but no more than 17-19 months before a prisoner's projected release date. *Id.*

Petitioner's projected release date is February 26, 2018. Under the current policy, his review for RRC placement should take place at least 17 months in advance of that date, or within the next 5 to 6 years. Until then, this matter is not ripe for review.

Finally, the constitutional challenges advanced by the Petitioner must fail. He presents no basis in law to support his assertion that the Act represents an unconstitutional delegation of judicial authority to the legislature. *See generally Mistretta v. United States*, 488 U.S. 361, 374, 396-97 (1989) (the federal sentencing guidelines represent neither an unconstitutional delegation of legislative power nor a violation of the principle of separation of powers); *United States v. Baker*, 850 F.2d 1365, 1372-73 (9th Cir.1988) (the ACCA is not an invalid legislative infringement of the judicial branch in violation of the separation of powers doctrine); *Walberg v. United States*, 763 F.2d 143, 148 (2d Cir.1985) (statute providing for special parole terms, but not setting maximum term, did not represent an impermissible delegation of legislative power to the courts).

**Conclusion**

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.[2] The Court certifies that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: March 29, 2012

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The statute provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ [. . .] , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."